**ROBINSON SPRINGS SCHOOL DIST. BOARD OF TRUSTEES v. Mc-CORKEL et al.**

No. 1723.

Court of Civil Appeals of Texas. Eastland.

Feb. 5, 1937.

Fred O. Jaye, of DeLeon, for appellants.

877

FUNDERBURK, Justice.

This is an appeal from an interlocutory order refusing a temporary injunction in a suit brought by the trustees of Robinson Springs School District against B. R. Mc-Corkel, county superintendent of public instruction of Comanche county, L. R. (L. A.) Woods, state superintendent of public instruction, and the county school trustees of Comanche county, state of Texas, in which plaintiff sought to have adjudged void an order of said county school trustees made August 8, 1936, transferring certain named school children out of said Robinson Springs District to other school districts. The action sought to be restrained by temporary injunction was the paying over of any funds to the districts to which the purported transfers were made and taking any other action regarding such transfers, including certification and/or approval of such transfers.

It was appellants' contention that the county school superintendent made no orders upon the several applications for transfers prior to August 1, 1936, and that his attempt to do so afterwards was void.

But one question requiring discussion is presented and that involves the construction of R.S.1925, art. 2696, as amended in 1935 (Vernon's Ann.Civ.St. art. 2696). Said statute provides that "any child lawfully enrolled in any district * * * may by order of the county superintendent, be transferred to the enrollment of any other district * * * upon a written application of the parent or guardian or person having lawful control of such child, filed with the county superintendent," etc. A time limit on the county superintendent's authority to make such order is prescribed as follows: "Provided, no transfer shall be made after August 1st." Id. The amendment of 1935 added the following: "Provided that any district or independent district being dissatisfied with any transfer made by the county superintendent may appeal from such action to the county board of trustees of said county who shall have the right to annul and cancel the transfer allowed by the county superintendent." Id.

The specific question arising upon the record as presented is whether an undisclosed determination of the county superintendent to exercise the power conferred upon him by said statute may constitute such transfer "by order of the county superintendent." The undisputed evidence showed that the county superintendent did not on or prior to August 1st make any written order of transfer upon or in relation to any of the applications on file in his office and involved in this suit. The evidence is regarded as equally conclusive that he made no declaration, written or oral, purporting to evidence an exercise of the authority to order any of the transfers. If, therefore, the power conferred by said statute upon the county superintendent to order the transfers not later than August 1st was exercised by him, it was done solely by his unexpressed intention or will to do so.

It is our conclusion that the legislative intention disclosed by the statutory provision in question will not reasonably permit the words "by order of the county superintendent" to have such meaning. The right of appeal which the statute plainly undertakes to give, particularly in the absence of any express provision for notice to those to whom such right is given, implies, we think, that the order be a written one, a knowledge of which is available to all interested parties by an inspection of the records in the county superintendent's office. Unless the words "order of the county superintendent" be construed to mean at least that much, the purported grant of a right of appeal would be futile. The purported time limit of August 1st would be equally futile because there would be no way of determining whether the power had or had not been exercised in time. It is believed to be contrary to elementary principles of our system of government that the rights of citizens shall be made to depend upon the secret undisclosed will or purpose of any governmental agency or agent. We are, therefore, of the opinion that the trial court erred in refusing the application for a temporary injunction, that the judgment denying same should be reversed, and the cause be remanded with instructions to grant same as prayed for. It is accordingly so ordered.