**ROBINSON SPRINGS SCHOOL DIST., BOARD OF TRUSTEES, v. McCORKEL, County School Superintendent, et al.**

No. 1820.

Court of Civil Appeals of Texas. Eastland.

June 29, 1938.

Fred O. Jaye, of De Leon, for appellant.

Geo. E. Smith, of Comanche, and Frederick G. Harmon, of DeLeon, for appellees.

FUNDERBURK, Justice.

On August 29, 1936, Robinson Springs School District, Comanche County, by the trustees, brought this suit against B. R. McCorkel, County Superintendent of Schools of Comanche County, the County School Trustees of Comanche County, State of Texas, and L. A. Woods, State Superintendent of Public Instruction, to have an order of the County School Trustees of Comanche County, Texas, made August 8, 1936, transferring scholastics from Robinson Springs District to other districts declared null and void, and to enjoin temporarily, and upon final hearing, permanently, the said defendants "from paying over any funds to" the districts to which the transfers were purportedly made, "or from doing any other acts or things, including the certification of said names to the State Board of Education or other authority to which they must be certified, of the purported transfers, and the approval of said transfers, and any action whatsoever tending to certify, or approving said certification as aforesaid; that upon final hearing said temporary injunction order so granted, be in all things made permanent", etc.

The district judge, in response to an alternative prayer, granted a restraining order on August 28, 1936, and set the application for hearing on September 7, 1936. Upon such hearing the court denied the application for temporary injunction, from which action an appeal was taken by plaintiff to this court. The order of the district judge denying the temporary injunction was, on February 5, 1937, reversed and the cause remanded. Tex.Civ.App. 101 S.W.2d 876.

Reconsidering the application, the court below, on March 1, 1937, granted the temporary injunction as prayed. The writ was duly issued and served upon McCorkel March 2, 1937. The cause came on for trial on its merits on May 26, 1937. De Leon Independent School District and

Theney Independent School District were, over the objection of plaintiff, permitted to intervene. In a nonjury trial the court gave judgment against the plaintiff and in favor of the defendants and interveners. The plaintiff has appealed.

The orders, the validity of which were attacked by the suit, would have in any event become functus officio August 1, 1937. Whether there remained anything in the suit to litigate at the time of the trial depended upon the effectiveness of the temporary injunction to restrain action under the allegedly void orders. At the time the temporary injunction was issued on March 1, 1937, the time had passed for the necessary action to make the transfers effective unless the suit had the effect of retarding such action.

It is contended by appellees that at the time the temporary injunction issued the certification of the transfers had been made, the lists forwarded to the proper authorities and the school funds had been allocated to the districts to which the transfers were made, the pupils had attended the schools, and the school terms had closed. An inspection of the record shows that everything had been done under the orders, before the injunction issued, which could have been done except the payment of about $4 per pupil of the money. It is not disclosed by the allegations of plaintiff's pleadings, or otherwise, that either McCorkel, the County Superintendent, or Woods, the State Superintendent, were charged with the duty or authority of making payment of the money. It appears that the payment that was made amounting, as aforesaid, to $15 of the $19 per pupil, was made by warrants drawn by the State Comptroller upon the State Treasurer. Neither the State Board of Education, the Comptroller, nor the State Treasurer was a party to the injunction proceeding, nor were the De Leon Independent School District nor the Theney Independent School District to which the transfers were made.

We cannot escape the conclusion that at the time the temporary injunction was issued and served, apparently upon McCorkel alone, it was too late to accomplish the purposes intended by the injunction. At that time the transfers had already been certified, the apportionment of the school funds made accordingly, the transferred children had been taught in the schools to which they were transferred and the school terms were nearing a close. In order to

have effected the purposes of the injunction it was necessary that it have been in time to prevent a certification of the transfers so as to leave the several agencies without authority to make the apportionment and pay over the fund. Having failed in this respect, it is our conclusion that for all practical purposes the subject matter of the suit is moot.

Under this view it is unnecessary to discuss the questions sought to be raised, but it becomes our duty to dismiss the case, and it is accordingly so ordered.